**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Bantie Kassie MANDEFRO,
Defendant—Appellant.**

No. 03–30558.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Jan. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Christina L. Hunt, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

■ The district court did not err in denying Mandefro's motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29 on the charge of failing to depart the United States in violation of 8 U.S.C. § 1253(a)(1)(B). The defendant stipulated to the first two elements of the offense, that there existed a final order of removal outstanding against the defendant, and that he was a "deportable alien" within the meaning of 8 U.S.C. § 1227(a) (a "deportable alien"). Mandefro contested the third element—failure or refusal to make a timely application in good faith for travel or other documents necessary for departure. However, the district court correctly concluded that Mandefro had not established a prima facie case of duress because he did not prove an immediate threat of death or serious bodily injury. *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir.1996). Mandefro concedes as much, but argues that he has a well founded fear of injury if he returns to Ethiopia. However, "[f]ear alone is not enough to establish a prima facie case of duress; the defendant must establish all three elements." *United States v. Becerra*, 992 F.2d 960, 964 (9th Cir.1993). Absent a prima facie case, the district court properly denied the Rule 29 motion and refused to give a duress instruction.

■ The district court also correctly refused to give an instruction on the defense of necessity, which is only required if, based on the proffered evidence from which a reasonable jury could conclude that: (1) the defendant was faced with a choice of evils and chose the lesser evil; (2) he acted to prevent imminent harm; (3) that he reasonably anticipated a causal

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. *United States v. Arellano–Rivera,* 244 F.3d 1119, 1125–26 (9th Cir.2001). Because Mandefro did not tender proof of imminent harm, the district court properly refused the necessity instruction. *Id.*

The district court did not err in refusing to conduct a direct review of Mandefro's order of removal. Because Mandefro is removable "by reason of having committed a criminal offense covered in section ... 1227(a)(2) ...," the district court lacked jurisdiction to review his removal on direct review. 8 U.S.C. § 1252(a)(2)(C). Although Mandefro was entitled to collateral review of his order of removal incident to the criminal charge pursuant to 8 U.S.C. § 1252(b)(7), he dismissed his motion to collaterally attack the underlying removal order.

AFFIRMED.